PER CURIAM.
| iDenied. The application was not timely filed in the district court, and relator fails to carry his burden to show that an exception applies. La.C.Cr.P. art. 930.8; State ex rel, Glover v. State, 93-2330 (La.9/5/95), 660 So.2d 1189. We attach hereto and make a part hereof the District Court’s written reasons denying relator’s application.
Relator has now fully litigated two applications for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P.'aii. 930.4 and within the limitations period- as set out in La.C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended that article to make ■the procedural bars against successive filings mandatory. Relator’s claims have now been fully litigated ' in accord with La.C.Cr.P. art. 930.6, and this denial is final.. Hereafter,- unless he can show that one of the narrow exceptions authorizing the filing of a successive application ap- . plies, relator has exhausted, his right to state collateral review. The District Court is ordered to record a minute entry consistent with this per curiam.
[.ATTACHMENT
*1176 [[Image here]]